**UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-81174-CV-MIDDLEBROOKS

FRANCISCO CATALIN DELIU,

      Plaintiff,

v.

PALM BEACH COUNTY SHERIFF'S OFFICE,
RIC BRADSHAW, ALVARO PALACIO, JOHN
LIPINSKI,

      Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Amended Complaint,

filed on January 8, 2025. (DE 19). Plaintiff has not filed a Response, and the deadline for doing so

has well passed. For the following reasons, Defendants' Motion is granted.

## BACKGROUND

This matter concerns numerous allegations of civil rights violations, negligence, and

intentional torts against law enforcement. On November 13, 2023, Plaintiff claims he issued a

noise complaint against one of his neighbors at Polo Lakes Apartments ("Polo") in Wellington,

Florida. (DE 1-2 at 3). Due to Plaintiff's allegedly aggressive and loud demeanor, Polo staff called

Deputies Alvaro Palacio ("Defendant Palacio") and John Lipinski ("Defendant Lipinski"), who

informed Plaintiff that he was not allowed in the Polo office anymore. (*Id.* at 4). After a verbal

exchange with the Deputies, Plaintiff was detained for trespassing and resisting arrest. (*Id.* at 5).

On November 14, 2023, Plaintiff was charged with trespass after warning and resisting arrest

without violence. Shortly thereafter, Plaintiff was issued an invoice for $55 pursuant to Florida

State Law that required arrestees to pay a processing fee and daily subsistence fee, which Plaintiff disputed. On December 25, 2023, Plaintiff appeared in state court, though ultimately both charges were dropped by the prosecution. (*Id.* at 6).

Plaintiff, proceeding *pro so*, filed an action in state court on September 1, 2024, raising numerous claims of false imprisonment, battery, intentional infliction of emotional distress, malicious prosecution, false arrest, excessive force, and violations of his speech rights. Moreover, Plaintiff contests the processing fee that was levied against him. Defendants removed this matter to federal court on September 24, 2024. (DE 1). Previously, I granted Defendants' Motion to Dismiss, finding Plaintiff's Complaint to be a deficient shotgun pleading. (DE 3; DE 8). In my Order, I granted Plaintiff one opportunity to amend his Complaint, noting his *pro se* status. Plaintiff filed his Amended Complaint on December 26, 2024. (DE 16). Defendants filed the instant Motion on January 8, 2025, seeking to dismiss the Amended Complaint.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must … contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. V. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

2

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and assume the truth of the plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *Iqbal*, 556 U.S. at 678; *see also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (stating that an unwarranted deduction of fact is not considered true for purposes of determining whether a claim is legally sufficient). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level." *Id.*

## DISCUSSION

First, the Motion may be granted upon Plaintiff's failure to file a Response. Pursuant to the Local Rules of this district, "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. Local Rule 7.1(c)(1). The Motion was filed on January 8, 2025, making Plaintiff's deadline to respond January 22, 2025. Even supposing Plaintiff needed additional time to mail his filings, Plaintiff's Response is long overdue, and so I may grant Defendants' Motion by default.

However, Plaintiff's default is not the sole basis for my ruling here. The Amended Complaint is facially deficient under the dismissal standard of Rule 12(b)(6), as it amounts to a shotgun pleading. As I previously instructed Plaintiff, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further,

3

each "party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A shotgun pleading arises when a litigant fails to adhere to these instructions. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Shotgun pleadings may arise in several different ways. The most common is a complaint with multiple counts, wherein each count adopts the allegations of all preceding counts, such that each successive count carries all that came before, and the last count is a combination of the entire complaint. *See, e.g., Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n. 39 (11th Cir. 2014) ("The complaint, through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading...."); *Thompson v. Relation Serve Media, Inc.*, 610 F.3d 628, 650 n. 22 (11th Cir. 2010). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Not only are such pleadings wasteful of judicial resources, they fail to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Here, Plaintiff's Amended Complaint once again fails to adequately distinguish his claims as required by Federal Rules 8 and 10. Counts IV and VI contain comingled facts and claims, containing multiple causes of action and leaving Defendants and this Court unclear as to the basis for relief. Although Plaintiff is proceeding *pro se* and therefore is subject to more leeway in his pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), he still must meet his essential burden to plead his claim in the proper form, *see Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Moreover, I have already given Plaintiff an opportunity to correct the deficiencies in his pleading, and he has failed to do so. As I explained in my prior Order, Plaintiff was afforded one last chance

4

to correct his Complaint. As the Amended Complaint remains deficient under Federal Rules 8 and 10, it is subject to dismissal without further opportunity to amend.

CONCLUSION

Plaintiff's Amended Complaint fails to properly raise a claim upon which relief may be granted. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Dismiss (DE 19) is **GRANTED.**

(2) Plaintiff's Amended Complaint (DE 16) is **DISMISSED WITHOUT PREJUDICE.**

(3) The Clerk of Court is instructed to **CLOSE THIS CASE** and **DENY** all pending motions as moot.

**SIGNED** in Chambers at West Palm Beach, Florida, this the 29 day of January, 2025.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

CC:

Counsel of Record

Francisco Catalin Deliu
696 Via Toscana
Wellington, FL 33414
PRO SE